**Date signed June 16, 2004**



_____
PAUL MANNES
U. S. BANKRUPTCY JUDGE

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
### at Greenbelt

| | | |
|---|---|---|
| IN RE: | : | |
| | : | |
| WARNER STREET, INC. | : | Case No. 04-15994PM |
| | : | Chapter 11 |
| Debtor | : | |

**MEMORANDUM OF DECISION**

     This bankruptcy case under Chapter 11 was filed March 11, 2004.  The Debtor-in-Possession is said to own 150,000 square feet of warehouse facilities in Baltimore, Maryland, that it values at $2.5 million.  One secured creditor is scheduled, the Estate of Alex Dandy, said to hold a disputed undetermined claim.  The City of Baltimore is said to hold an undetermined real estate tax claim.  There are two unsecured claims without priority listed, (1) a loan from Debtor's 100 percent shareholder in the sum of $450,000.00 and (2) $10,000.00 said to be owed for accounting services.  A law firm has entered its appearance on behalf of Lilah A. Dandy and James T. Cooper, Trustee.  That same law firm had entered its appearance on behalf of Lilah A. Dandy and the Estate of Alex Dandy.  Subsequently, on motion, its appearance on behalf of the Estate was stricken.

     What the court appears to have before it is a two-party dispute based on non-bankruptcy law.  In such circumstances, abstention appears appropriate.  *In re Muskogee Environmental Conservation Company*, 236 B.R. 57, 66 (BC N.D. Okla. 1999); *In re Mazzocone*, 200 B.R. 568, 575, 414-15 (E.D. Pa. 1996).  *See also, In re Kujawa*, 224 B.R. 104, 107-8 (E.D. Mo. 1998); *In re Spade*, 258 B.R. 221, 234-35 (BC Colo. 2001), *citing In re Axl Industries, Inc.*, 127 B.R. 482 (BC S.D. Fla. 1991) ("generally, a [bankruptcy] court should not take jurisdiction over a two-

party dispute, unless special circumstances exist."

Under 28 U.S.C. § 1334(c)(1), a District Court, and by virtue of the order of reference under 28 U.S.C. § 157(a) of the United States District Court for the District of Maryland found in Local District Rule 402, the Bankruptcy Court may, in the interest of justice or in the interest of comity with State courts or respect for State law abstain from hearing a particular proceeding under Title 11 or arising in or related to a case under Title 11.  This is such a case that warrants abstention.

Finally, as in the case of *In re Long Bay Dunes Homeowners Association, Inc.*, 246 B.R. 801, 804 (BC S.C. 1999), another two-party dispute, it appears objectively futile for the debtor to obtain confirmation of any plan, because aside from the claim of Debtor's accountant, the only remaining impaired claim eligible to vote to accept a plan is the Estate of Alex Dandy.  Thus, this bankruptcy case under Chapter 11 may well result in nothing other than an exercise in futility.

The court will therefore enter an order directing the parties to show cause, if any there be, why this court should not abstain from the exercise of jurisdiction over this bankruptcy case under Chapter 11.

cc:
United States Trustee, 6305 Ivy Lane, #600, Greenbelt  MD  20770
Richard H. Gins, Esq., 5028 Wisconsin Avenue, N.W., Suite 300, Washington, DC 20016
Estate of Alex Dandy, c/o Michael E. Winer, Esq., 1950 Old Gallows Road, Vienna VA 22182
Daniel M. Litt, Esq., Dickstein Shapiro, 2101 L Street, N.W., Washington DC 20037

**End of Memorandum**